IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| MELVIN WARE, #783227 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:15cv731 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Melvin Ware, an inmate confined at the Michael Unit within the Texas Department of Criminal Justice, filed this petition for a writ of habeas corpus pursuant to § 2254 complaining of the legality of prison disciplinary measures taken against him. The petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Background**

Ware filed his habeas petition in August 2015, complaining about disciplinary measures taken against him, for violation #20140294382 wherein he was found to have possessed a cell phone while incarcerated. He maintained that the record of the offense denotes that an officer conducted random common area and cell searches within B pod 3 section of the prison and discovered a "black and grey Samsung flip phone hanging on the crossover door in front of [] row shower." After officials reviewed surveillance cameras, they discovered that Ware was the offender who placed the cell phone at that location by removing the phone from his shirt pocket and placing it into the sock at the shower. The offense report specifically denotes that Ware was positively identified by the surveillance camera and his identification card.

On June 17, 2014, a hearing was conducted regarding this offense. Ware stated that he "didn't have the cell phone." When he was asked who the phone belonged to, Ware explained that he "didn't know." The record shows that while the surveillance video identified Ware as the person who placed the cell phone in that location, the video could not be transcribed onto a disk because of "technical difficulties." Ware attempted to present witness statement(s) at the hearing. However, because that witness was not present when the phone was found, Ware was not permitted to present that witness statement.

After explaining that a prisoner possessing a cell phone inside a state penitentiary is a state law felony and a violation of the penal code, as punishment, prison officials revoked 365 days of good time, imposed forty-five days of both cell and recreation restriction, and reduced his custody classification from a G2 minimum to a G5 closed-custody status. Ware maintained that his due process rights were violated because he was not permitted to present evidence or call witnesses at the hearing and because evidence against him was not disclosed. Moreover, he stated that his disciplinary hearing was not held within seven business days.

Finally, Ware noted that he was denied the right to appeal through TDCJ's grievance process and contends that prison officials failed to be "fair and impartial tribunal, resulting in petitioner being subjected to arbitrary and capricious actions." Before filing suit, Ware submitted several Step 1 and Step 2 grievance forms with respect to this disciplinary conviction.

After a review of the pleadings, the Magistrate Judge issued a Report, (Dkt. #10), recommending that Ware's petition be dismissed with prejudice. Specifically, the Magistrate Judge found that because none of the deprivations Ware received as a result of his disciplinary case—loss of good-time credits, cell and recreation restrictions, as well as a custodial classification change—implicate any protected liberty interests, his claims surrounding his disciplinary case

2

were without merit because he failed to demonstrate a constitutional violation. Ware has filed timely objections, (Dkt. #12).

## II. Ware's Objections

In his objections, Ware argues that the no evidence existed in which to find him guilty of the disciplinary offense. Specifically, he highlights how the video surveillance—which identified him as the person who placed the cell phone in the crossover door in front of the shower—could not be transcribed into a disk because of technical difficulties. Ware contends that the surveillance evidence "was the whole foundation of the disciplinary charge for the cell phone," and, due to the lack of the actual video, he "was found guilty on no evidence." He also repeats his assertions that the disciplinary hearing officer was neither fair nor impartial.

## III. Discussion and Analysis

Ware's objections must be overruled. As the Magistrate Judge correctly reasoned, the primary consideration in this case is whether Ware stated or presented the denial of a constitutionally protected liberty interest. The Magistrate Judge correctly and properly found that Ware had not.

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The procedural protections of the due process clause are triggered only when there has been a deprivation of life, liberty, or property. Because neither Petitioner's life nor property interests are at stake—particularly because his chief complaint is that his due process rights were violated through the disciplinary actions—the pertinent question here is "whether he had a liberty interest that the prison action implicated or infringed." *Toney v. Owens*,

779 F.3d 330, 336 (5th Cir. 2015); *Richardson v. Joslin*, 501 F.3d 415, 418-19 (5th Cir. 2007).

The Fifth Circuit has held that a variety of prison administrative decisions do not create constitutionally protected liberty interests. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good time is not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Likewise, the imposition of commissary, and recreation as well as cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009) (unpublished); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of confinement and do not implicate due process concerns."). An inmate also does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Espinoza v. Benoit*, 108 F. App'x 869, 871 (5th Cir. 2004) (finding that close custody confinement "does not constitute an 'atypical and significant hardship … in relation to the ordinary incidents of prison life.'") (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Here, as punishment, prison officials imposed forty-five days of both cell and recreation restriction, and reduced his custody classification from a G2 minimum to a G5 closed-custody status. Because those administrative decisions do not create constitutionally protected liberty interests, Ware's claims are meritless. As the Magistrate Judge concluded, the Fifth Circuit has rejected these claims.

Turning to Ware's loss of 365 days of good time, the Magistrate Judge also properly found that he has no protected liberty interest in the loss of good time credits. Under certain circumstances, the loss of good time could inflict punishment imposing an atypical and significant

4

hardship upon an inmate—because the loss of such time could result in the denial of a liberty interest in early release from prison. This condition exists where an inmate is eligible for release on mandatory supervision. *See Madison*, 104 F.3d at 768. In other words, there is no protected liberty interest in previously earned good-time credits when an inmate is **not** eligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700 *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits.").

Because prison records show—and Ware admits—that he is **not** eligible for mandatory supervision, he has no protected liberty interest in his loss of good-time credits. *See Ex Parte Franks*, 71 S.W.3d 327, 327 (Tex.Crim.App. 2001) ("We hold that a life-sentenced inmate is not eligible for release on mandatory supervision."). Consequently, then, any loss of good-time credit serves only to affect Ware's possible release on parole—insofar as Texas law provides that the sole purpose of good-time credits is to accelerate eligibility for release on parole or mandatory supervision. *See* Tex. Gov. Code §498.003(a). The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the state of Texas. *See Williams v. Dretke*, 306 F. App'x 164, 166 (5th Cir. 2009) ("Texas prisoners have 'no constitutional expectancy of parole' and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim."); *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

Under these circumstances, the loss of good-time credits does not affect a constitutional, but only the "mere hope" of release on parole. However, this hope is not protected by due process. See *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released

before the expiration of a valid sentence."). Accordingly, Ware's loss of good time does not implicate a protected liberty interest and the Magistrate Judge properly recommended that his petition be dismissed.

Ware's main complaint on objection is the lack of video footage. He insists that the video, which identified him as the culprit, was the basis for the guilty finding and that it is truly "shocking" that the main piece of evidence against him could not be transcribed.

However, Ware's argument is without merit. Federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is demonstrated. *See Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984) ("In reviewing actions in section 1983 actions, the court must uphold the administrative decision unless it was arbitrary and capricious."); *Reyna v. McCotter*, 997 F.2d 881, 1993 WL 261067 (5th Cir. 1993) (unpublished) ("The role of the federal court in reviewing such prison proceedings is a narrow one. The Supreme Court has articulated for the federal courts a policy of minimum intrusion into the affairs of state prison administration; state prison officials enjoy wide discretion in the operations of state penal institutions.").

As a result, prison disciplinary proceedings will be overturned only where there is no evidence in the record whatsoever to support the result reached. *See Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). All that is required is some evidence supporting the adverse disciplinary decision. *See Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005) ("The 'some evidence' standard is extremely deferential—we have found a single report or testifying witness sufficient to support an adverse disciplinary decision."); *see also Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1983) (holding that a hearing officer's decision will be upheld when it is supported by "some facts … any evidence at all.").

Here, the record contains evidence supporting Ware's adverse disciplinary hearing. Respondent filed records of Ware's disciplinary infraction, including the disciplinary report, hearing record, and offense report. The offense report denotes the following:

> Officer Edwards was conducting a random common area and cell search on 3 B Pod 3 section and found a black and grey Samsung flip phone inside of a sock hanging on the crossover door in front of 2 row shower. After a review of surveillance cameras, it was discovered that offender Ware, Melvin #783227 was in fact the offender who placed the cell phone there. The offender was positively identified by the surveillance camera and his ID card.

(Dkt. #8, pg. id. #133). A sergeant also viewed the surveillance footage and specifically stated that "On 5/25/15, at approximately 2200 [hours] video surveillance was viewed for 3 building B pod 3 section and viewed offender Ware, Melvin #783227 enter the two-row shower, at the time of the B pod shake down. Offender placed an item on the crossover door going from three section to two section. The video surveillance as unable to be burned to a disk due to technical issue." (Dkt. #8, pg. id. #135). Respondents also attached a black and white photograph of the flip phone. (Dkt. #8, pg. id. #136).

The Fifth Circuit has explicitly found that an officer's report—even by itself—is sufficient to support a finding of guilt in a disciplinary case. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2000) ("We hold that Officer M. Goolsby's identification of Hudson in her written report clearly constitutes 'some' or 'any' evidence to support the prison disciplinary board's guilty finding."); *see also Stiger v. Warden*, 389 F. App'x 337, 339 (5th Cir. 2010) (unpublished) ("The written report and the supporting photograph were sufficient to provide some evidence of Stiger's guilt."). Moreover, the "identification of an accused inmate in a written report by an officer who witnessed the infraction can also be sufficient to support a finding of guilt." *See Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004) (citing *Hudson*, 242 F.3d at 536-37)).

In committing his disciplinary infraction, Ware was positively identified by an officer. While the surveillance video could not be transcribed, the written report illustrates that evidence supported Ware's guilty finding. An officer discovered the flip phone in a certain location and the video surveillance showed that Ware placed the phone in that same location. Accordingly, the written reports illustrate that there was "some" evidence to support the guilty finding—regardless of whether the video could be transcribed. The Magistrate Judge correctly recommended that Ware's petition for a writ of habeas corpus should be dismissed.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1) (District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Ware's objections are without merit. Consequently, it is

**ORDERED** that Petitioner's objections, (Dkt. #12), are overruled. The Magistrate Judge's Report and Recommendation, (Dkt. #10), is **ADOPTED** as the opinion of the Court. It is also

**ORDERRED** that the above-styled petition for a writ of habeas corpus is **DISMISSED** with prejudice. Moreover, it is

**ORDERED** that Petitioner Ware is denied a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**. So **ORDERED** and **SIGNED** this **19** day of **August, 2018.**

_____
Ron Clark, Senior District Judge